Daniel W. Webb *vs.* A. Barnard.

January 6, 1887.

**New Trial—Surprise and Mistake.**—Order refusing a new trial, sought on the ground of the alleged mistake in the testimony of a witness, and of surprise occasioned thereby, sustained.

Appeal by defendant from an order of the municipal court of Minneapolis refusing a new trial. The action was by tenant against landlord for damages resulting from the acts of the latter in carelessly cutting through the roof of the building in which the rooms hired by plaintiff were situated, thereby causing a leak through which rain and melted snow came and injured plaintiff's goods.

*C. H. Benton,* for appellant.

*Russell, Emery & Reed,* for respondent.

DICKINSON, J. We are of the opinion that the court below was justified in refusing a new trial. It may be taken as a fact, shown by the affidavits presented in support of the motion, that the witness Flake knew the truth of the matter in controversy, and that, in conversation with the appellant (defendant) and his attorney before the trial, he had so stated the fact that the appellant relied upon him as *his witness to prove his case.* Upon the trial he was called as a witness for the plaintiff, and testified that the fact was as the plaintiff claims it to have been. The new trial is sought upon the ground that the defendant was surprised by such testimony; and Flake's affidavit is presented in which the fact is now alleged to have been contrary to his testimony given at the trial. Flake's affidavit sets forth how, through forgetfulness, his testimony was contrary to what he now alleges to be the truth, and how his recollection has since been refreshed; but the explanation is discredited by the fact, shown both by the defendant's affidavit and by that of his attorney, that the day before the trial Flake stated the occurrence substantially as now shown by his affidavit, and contrary to his testimony given upon the trial. It is unreasonable that this witness, who the day before the trial remembered and stated a fact occurring nearly a year before, should so forget it before the following day as to testify to the contrary, and so that, by cross-examination, the truth could not be brought back to his mind; nor is any explanation given of this.

Not only is the truthfulness of Flake thus rendered questionable, but the opposing affidavits support the truth of his testimony, as opposed to what he now alleges in his affidavit.

Order affirmed.